1   RYAN L. EDDINGS, Bar No. 256519
    LITTLER MENDELSON
2   A Professional Corporation
    5200 North Palm Avenue
3   Suite 302
    Fresno, CA 93704.2225
4   Telephone:   559.244.7500
    Facsimile:    559.244.7525
5
    Attorneys for Defendant
6   MACY'S WEST STORES, INC., ERRONEOUSLY
    SUED HEREIN AS MACY'S, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10  KENDELL BURNETT,                          Case No.

11              Plaintiff,                    (TULARE COUNTY SUPERIOR COURT
                                              CASE NO. 11-242317)
12       v.
                                              **DEFENDANT'S NOTICE OF REMOVAL**
13  MACY'S, INC.; and DOES 1 through 10,      **OF CIVIL ACTION TO THE UNITED**
    inclusive,                                **STATES DISTRICT COURT FOR THE**
14                                            **EASTERN DISTRICT OF CALIFORNIA**

15              Defendants.                   Complaint Filed:   May 3, 2011
                                              Trial Date:        None Set
16

17          TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

18  OF CALIFORNIA AND PLAINTIFF'S COUNSEL OF RECORD:

19          PLEASE   TAKE   NOTICE   that   Defendant   MACY'S   WEST   STORES,   INC.

20  erroneously sued herein as MACY'S, INC. ("Defendant"), subject to and without waiving its right to

21  compel arbitration, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1332, 1441,

22  and 1446, on the following grounds:

23          **Statement of Jurisdiction**

24          1.      Defendant is an Ohio corporation with its principal place of business in

25  Cincinnati, Ohio.  Plaintiff KENDELL BURNETT ("Plaintiff") is a citizen of California.  Removal

26  jurisdiction exists because this Court has original jurisdiction over Plaintiff's pursuant to 28 U.S.C. §

27  1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in

28  which neither Plaintiff nor Defendant are citizens of the same state and in which the amount in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559 244 7500

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1    controversy exceeds $75,000, exclusive of interest and costs.  As set forth herein, this case meets all

2    of the above requirements for removal and is timely and properly removed by the filing of this

3    Notice.

4    **State Court Action**

5    2.    Plaintiff filed this action against Defendant in Tulare County Superior Court,

6    Case No. 11-242317. True and correct copies of the Civil Case Cover Sheet, Summons, and

7    Complaint that were served on Defendant on May 17, 2011 are collectively attached hereto as

8    **Exhibit A.**  On June 16, 2011, Defendant filed and served an Answer to Plaintiff's Complaint.  A

9    true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.  No other process,

10   pleadings, or orders have been served or filed in this action.

11   **Diversity of Citizenship**

12   3.    Plaintiff's Complaint alleges that Plaintiff is a resident of Tulare County,

13   California. Defendant is the sole named Defendant in this action.   Pursuant to 28 U.S.C. §

14   1332(c)(1), Defendant is deemed to be a citizen of the state in which it is incorporated and the state

15   where its principal place of business is located.  Defendant is incorporated under the laws of the

16   State of Ohio, and Defendant's principal place of business is located in Cincinnati, Ohio.

17   Accordingly, there is complete diversity among the parties.

18   **Amount in Controversy**

19   4.    The amount in controversy exceeds $75,000 in accordance with 28 U.S.C. §

20   1332(a)(1).  In her Complaint, Plaintiff did not allege the total amount of damages sought, alleging

21   only that this was an unlimited civil case where the damages sought exceeded $25,000.

22   Subsequently, Defendant requested a Statement of Damages from Plaintiff pursuant to California

23   Code of Civil Procedure § 425.11(b).  Plaintiff's Statement of Damages, served on Defendant on

24   July 28, 2011, shows that Plaintiff is seeking actual damages "in excess of $1,000,000."  A true and

25   correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit C**.

26   **Venue**

27   5.    Pursuant to 28 U.S.C. § 1441 and Eastern District Local Rule 120(d), venue is

28   proper in this Eastern District of California and the Fresno Division because the Tulare County

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559 244 7500

2.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1   Superior Court is located within the federal Eastern District of California and this is the "district and

2   division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3   **Diversity Jurisdiction**

4   6.   This action is one under which the Court has original jurisdiction pursuant to

5   28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a

6   civil action in which neither Plaintiff nor Defendant are citizens of the same state and in which the

7   amount in controversy exceeds $75,000, exclusive of interest and costs.

8   **Timeliness of Notice of Removal**

9   7.   Defendant first determined that this case was removable on July 28, 2011

10   when Defendant received Plaintiff's Statement of Damages.  This Notice of Removal is being filed

11   within thirty days of receipt of Plaintiff's Statement of Damages.  Therefore, Defendant's Notice of

12   Removal is timely under 28 U.S.C. § 1446(b).

13   **Notice to the Tulare County Superior Court**

14   8.   As required by 28 U.S.C. §1446(d), Defendant provided written notice of the

15   filing of this Notice of Removal to Peter Sean Bradley, counsel of record for Plaintiff. A true and

16   correct copy of the Notice to Averse Party of Removal of Civil Action to Federal Court is attached

17   hereto as **Exhibit D.**

18   **Notice to Plaintiff**

19   9.   As required by 28 U.S.C. §1446(d), Defendant provided noticed to the Tulare

20   County Superior Court of the removal of this action.  A true and correct copy of the Notice to State

21   Court of Removal of Civil Action to Federal Court is attached hereto as **Exhibit E.**

22   WHEREFORE, Defendant Macy's West Stores, Inc. erroneously sued herein as

23   Macy's Inc. respectfully requests that this Court exercise jurisdiction over the above-captioned action

24   and issue such further orders and processes as may be necessary herein.

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

3.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1

Dated: August 1, 2011

2

3

4
RYAN L. EDDINGS
LITTLER MENDELSON
5
A Professional Corporation

6
Attorney for Defendant
MACY'S WEST STORES, INC.
7
ERRONEOUSLY SUED HEREIN AS
MACY'S, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
5700 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

4.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

# Exhibit A

1  PETER SEAN BRADLEY, ESQ., #109258
   PENNER, BRADLEY & SIMONIAN
2  1171 West Shaw Avenue, Suite 102
   Fresno, California 93711
3  Telephone: (559) 221-2100
   Facsimile: (559) 221-2101
4
   Attorney for Plaintiff
5  Kendell Burnett

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF TULARE

10

11

12  KENDELL BURNETT,                  )   CASE NO.  11 - - 2 4 2 3 1 7
                                      )
13            Plaintiff              )
                                      )
14                                    )
    v.                                )
15                                    )   COMPLAINT
    MACY'S, INC. and DOES 1 through 10, )  CASE MANAGEMENT CONFERENCE
16  inclusive                         )   Hearing Date: 9-7-11
                                      )   Time:         8:30am
17            Defendants.            )   Department:   1D
    ──────────────────────────────── )   DAMAGES EXCEED $25,000
18

19

20                              I

21                 BACKGROUND ALLEGATIONS

22       1.     Plaintiff is informed and believes and thereon alleges that Defendant is a business

23  entity formed under the laws of a foreign jurisdiction which is lawfully doing business within the

24  State of California.

25       2.     Plaintiff is a resident of Tulare County, California.  All the acts alleged in this

26  complaint occurred within Tulare County, California.  The employment practices alleged in this

27  complaint occurred within Tulare County, California.

28
                                        BURNETT v MACY'S
                                        CASE NO.

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

MAY 03 2011

LARAYNE CLEEK, CLERK
BY _____

1        3.     Plaintiff does not presently know the true names or capacities of the defendants sued

2  herein as Does 1 through 10, inclusive. Plaintiff will amend this Complaint to state such defendants

3  true names and capacities when the same are ascertained. Plaintiff is informed and believes that each

4  of said fictitiously named defendants is legally responsible for the acts and damages alleged herein.

5        4.     In 2009, Plaintiff began her employment with Defendant in 2009. Shortly after her

6  employment commenced, Plaintiff learned that she was pregnant. After telling her supervisor that

7  she was pregnant, Defendant refused to lessen the number of hours worked and reprimanded

8  Plaintiff for missing work for attending doctor's appointments relating to her pregnancy. Plaintiff

9  was told by her supervisor that the migraines that she experienced were a normal incident of

10  pregnancy and that if she missed work because of the migraines she would be terminated. Plaintiff

11  was denied permission to sit down at work during the late stages of her pregnancy, notwithstanding

12  the fact that she could have done so without impairment of her productivity. On July 4, 2010,

13  Plaintiff took pregnancy leave from work. On approximately September 22, 2010, Plaintiff

14  contracted Macy's corporate office with respect to returning to work. At that time, she learned that

15  she had been fired on September 15, 2010, ostensibly because she had not faxed a letter from her

16  doctor indicating when she intended to return to work. Plaintiff's treating physician did not release

17  Plaintiff to return to work until September 27, 2010.

18        5.     Plaintiff has exhausted all administrative remedies that she was required to exhaust

19  pursuant to Government Code section 12940, et. seq. (the Fair Employment and Housing Act (the

20  "FEHA")).

21                     **II**

22             **FIRST CAUSE OF ACTION**

23            **(Pregnancy Discrimination)**

24        6.     Plaintiff incorporates the allegations contained in paragraphs 1 through 5 of the

25  Complaint as if fully set forth herein, and incorporate those allegations verbatim herein by this

26  reference.

27        7.     It is an unlawful employment practice pursuant to Government Code section 12940(a)

28  for an employer "because of the …sex…to refuse to hire or employ the person … or to discriminate

1   against the person in compensation or in terms, conditions, or privileges of employment." Pursuant

2   to Government Code section 12926(p), "sex includes, but is not limited to, pregnancy, childbirth,

3   or medical conditions related to pregnancy or childbirth." Pursuant to Government Code section

4   12945(a), it is an unlawful employment practice, "[f]or an employer to refuse to allow a female

5   employee disabled by pregnancy, childbirth, or related medical conditions to take a leave for a

6   reasonable period of time not to exceed four months and thereafter return to work, as set forth in the

7   commission's regulations. The employee shall be entitled to utilize any accrued vacation leave during

8   this period of time. Reasonable period of time means that period during which the female employee

9   is disabled on account of pregnancy, childbirth, or related medical conditions."

10       8.      Plaintiff is informed and believes and thereon alleges that defendants discriminated

11   against her because of her pregnancy.  To wit, Plaintiff was not accommodated and was terminated

12   during her pregnancy leave, and was not permitted to return to work.  Plaintiff is informed and

13   believes, and thereon alleges, that the motivating reason for this decision was her pregnancy.

14       9.      As a proximate result of her termination, Plaintiff has suffered financial damages,

15   including lost salary and benefits, and non-pecuniary injury, including emotional distress, in an

16   amount to be proven at trial.  Plaintiff is entitled to an award of attorney's fees pursuant to

17   Government Code section 12965.

18       10.     Plaintiff is informed and believes and thereon alleges that Defendant's conduct was

19   fraudulent, malicious and oppressive, thereby entitled her to an award of punitive damages in an

20   amount to be determined at trial.

21                                    **III**

22                          **SECOND CAUSE OF ACTION**

23                  **(Failure to Provide Reasonable Accommodation)**

24       11.     Plaintiff incorporates the allegations contained in paragraphs 1 through 10 of the

25   Complaint as if fully set forth herein, and incorporate those allegations verbatim herein by this

26   reference.

27       12.     It is an unlawful employment practice pursuant to Government Code section 12940(a)

28   for an employer "because of the ...sex...to refuse to hire or employ the person ... or to discriminate

1   against the person in compensation or in terms, conditions, or privileges of employment." Pursuant
2   to Government Code section 12926(p), "sex includes, but is not limited to, pregnancy, childbirth,
3   or medical conditions related to pregnancy or childbirth." Pursuant to Government Code section
4   12945(a), it is an unlawful employment practice, "[f]or an employer to refuse to allow a female
5   employee disabled by pregnancy, childbirth, or related medical conditions to take a leave for a
6   reasonable period of time not to exceed four months and thereafter return to work, as set forth in the
7   commission's regulations. The employee shall be entitled to utilize any accrued vacation leave during
8   this period of time. Reasonable period of time means that period during which the female employee
9   is disabled on account of pregnancy, childbirth, or related medical conditions." Pursuant to
10  Government Code section 12945(b)(1), it is an unlawful employment practice "[f]or an employer
11  to refuse to provide reasonable accommodation for an employee for conditions related to pregnancy,
12  childbirth, or related medical conditions, if she so requests, with the advice of her health care
13  provider."

14       13.    Plaintiff is informed and believes and thereon alleges that Defendants discriminated
15  against Plaintiff because of her pregnancy in violation of the provisions of Government Code section
16  12945 in that Plaintiff was not permitted to return to work after her pregnancy leave and during her
17  pregnancy. Defendants also refused to allow Plaintiff the reasonable accommodation of sitting down
18  when it would not interfere with her productivity. As a proximate result of her termination, Plaintiff
19  has suffered financial damages, including lost salary and benefits, and non-pecuniary injury,
20  including emotional distress, in an amount to be proven at trial.  Plaintiff is entitled to an award of
21  attorney's fees pursuant to Government Code section 12965.

22       14.    Plaintiff is informed and believes and thereon alleges that Defendant's conduct was
23  fraudulent, malicious and oppressive, thereby entitled her to an award of punitive damages in an
24  amount to be determined at trial.

25       WHEREFORE, Plaintiff prays judgment as follows:
26       1.     For compensatory damages according to proof;
27       2.     For exemplary damages according to proof;
28       3.     For attorney's fees;

BURNETT v MACY'S
CASE NO.

- 4 -

1    4.    For costs incurred herein; and

2    5.    For such other and further relief as the Court deems proper.

3

4

5    Dated: April 14, 2011                                    Penner, Bradley & Simonian

6

7                                                         By _____

8                                                              Peter Sean Bradley
                                                             Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 5 -        BURNETT v MACY'S
                                                     CASE NO.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF TULARE

TO:  Civil Litigants

FROM: Civil Division

RE:  Alternative Dispute Resolution

Attached is the Tulare County Superior Court Alternative Dispute
Resolution Packet. It contains information regarding alternative
dispute resolution, copies of State and Local Rules relating to the Case
Management Conference, and the names of approved mediators.

Please be advised that the court requires strict compliance with the
State and Local rules.

"Parties are to meet and confer prior to their case management conference date regarding an agreed upon mediator and mediation date and time."

Pursuant to California Rules of Court

### Rule 3.725. Case Management Statement

#### (a) Timing of statement

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.

#### (b) Joint statement

In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

#### (c) Contents of statement

Parties must use the mandatory *Case Management Statement* (form CM-110). All applicable items on the form must be completed.

## The Most Common Types of ADR

### Mediation
In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation normally leads to better relations between the parties and to lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to freely express their positions. Mediation can be successful for victims seeking restitution from offenders. When there has been violence between the parties, a mediator can meet separately with the parties.

### Arbitration
In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

## There are Two Types of Arbitration in California

**1. Private arbitration** by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases, "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

**2. Judicial arbitration** ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable result at trial, the party may have to pay a penalty.

## MEDIATOR REFERRAL LIST (Updated 4/28/11)

| NAME | HOURLY RATE |
|---|---|
| Judge Kenneth Conn        (Retired from bench)<br>P O Box 4226<br>Visalia CA 93278<br>(559) 627-1846 | $300.00<br>Resume on file |
| Matthew Guasco<br>Arnold Bleuel LaRochelle Mathews & Zirbel LLP<br>300 Esplanade Drive, Suite 2100<br>Oxnard, CA 93036<br>(805) 988-9886 | $250.00-$300.00<br>Resume on file |
| James Phillips<br>The Phillips Group<br>8080 N Palm Ave Ste 101<br>Fresno CA 93711<br>(559) 261-9340<br>Email: Phillipsgp@aol.com<br>Website Fresnomediator.com | $340.00<br>Resume on file |
| Thomas Simonian-Arbitration & Mediation<br>1100 West Center Ave<br>Visalia CA 93291<br>(559) 732-7111 | $260.00<br>Resume on file |
| Richard Isham  Attorney at Law<br>PO Box 1839<br>Visalia CA 93290<br>(559) 733-2257<br>Email: rbisham@att.net | $300..00/ hour<br>Resume on file |
| Donald H Glasrud  Attorney at Law<br>5250 N Palm Avenue, Suite 402<br>Fresno CA 93704<br>(559) 435-5250 | $350.00<br>Resume on file |
| Creative Alternatives to Litigation<br>P O Box 5008<br>Fresno CA 93755 5008<br>(559) 224-6031 | $200.00<br>Resumes on file |
| Stephen Blumberg  Dowling, Aaron & Keeler<br>6051 North Fresno Street, Suite 200<br>Fresno CA 93710<br>(559) 432-4500 | $200.00<br>Resume on file |
| Reggie Derryberry  Attorney at Law<br>9770 North Millbrook Avenue<br>Fresno CA 93720<br>(559) 434-3339 | $100.00.<br>Resume on file<br>(No travel charge) |
| Thomas M Stanton  Attorney at Law<br>1430 Truxton Avenue, Suite 900<br>Bakersfield CA 93301<br>(661) 861-8655 | $200.00<br>Resume on file |
| John (Jay) McCauley, Esq.<br>McCauley & Associates ALC<br>1001 N Demaree<br>Visalia CA 93291<br>(800) 848-5591<br>E-mail: info@mccauleylaw.com<br>Website: www.jaymccauley.com | $4,000 per day for full day ($3,000 for half-day) mediation.  Fee includes all reasonable pre-mediation preparation time. No additional charge for administration or costs.<br>Resume on file |
| Lee M Jacobson<br>1690 West Shaw Ave, Suite 201<br>Fresno CA 93711-3516<br>(559) 448-0400<br>www.jhnnlaw.com | $260.00<br>Resume on file |

| | |
|---|---|
| Douglas E Noll, Esq.<br>P O Box 2336<br>Clovis CA 93613<br>(559) 298-3685<br>Website: www.nollassociates.com<br>Email: doug@nollassociates.com | $300.00 per hour<br>4 hour minimum<br>No travel time charge to Tulare County<br>Resume on file |
| Hon. William Schoettler<br>1900 Avenue of the Stars Ste 250<br>Los Angeles CA 90067-4303<br>(800) 558-2377 | $500.00 per hour<br>Resume on file |
| Judge Howard R Broadman  (Retired from bench)<br>300 N. Willis St.<br>Visalia CA 93291-6004<br>(559) 738-1800<br>Website: www.judgebroadman.com | $400.00<br>Resume on file |
| Kenneth M Byrum<br>5060 California Avenue, Ste 620<br>Bakersfield CA 93309<br>(661) 861-6191 | $300.00 per hour<br>Resume on file |
| Russell D Cook<br>1233 West Shaw Avenue, Suite 100<br>Fresno CA 93711<br>(559) 225-2510<br>rdcook@rdcooklawoffices.com | $265.00 per hour/2.5 hours minimum in area<br>(Fresno,Madera,Tulare,&Kings Coutny)<br>$265.00 per hour plus expenses/5 hour minimum out<br>of above area<br>Resume on file |
| James A Dilling, Esq.    Mediation/Arbitration<br>7081 N Marks Avenue, #104<br>Fresno CA 93711<br>(559) 286-6181<br>E-mail: jamesdilling@comcast.net | $225.00 per hour for mediations<br>$250.00 per hour for arbitrations<br>No travel charge<br>Resume on file |
| Leah Catherine Launey, Esq.<br>42490 Kaweah River Dr.<br>Three Rivers CA 93271<br>E-mail: lclauney@launeymediation.com<br>Website: www.launeymediation.com | $175.00 per hour<br>Resume on file |
| Jack Alden Draper II<br>5301 Office Park Dr #205, Suite 205<br>Bakersfield CA 93309<br>(661) 322-7272<br>E-mail: jad@lojad.com | $295.00 per hour<br>Will travel within Kern and Tulare Counties, travel<br>charge for one way.<br>Resume on file |
| Richard I Phillips<br>Sage Mediation Services, LLC<br>4251 Higuera Street Ste 701<br>San Luis Obispo, CA 93401<br>(805) 544-0054<br>fax (805) 544-3716<br>E-mail rphillipsmediation@thegrid.net | $275.00 per hour<br>2 hour minimum<br>No charge for travel<br>Resume on file |
| Thomas C Matychowiak<br>2067 W Barstow Ave<br>Fresno CA 93711<br>(559) 347-7807<br>fax (559) 432-6723<br>E-mail tom@reasonablelaw.com<br>Website: reasonablelaw.com | $210.00 per hour<br>$800.00 flat fee for ½ day<br>$1,600.00 flat fee for full day<br>Resume on file |
| Michael J. F. Smith<br>790 W Shaw Ave., Suite 265<br>Fresno CA 93704<br>(559) 229-3900<br>Fax  (559) 229-3903<br>E-mail Mjfsmith@mjfsmith.com | $300.00 per hour w/4 hour minimum<br>Employment disputes, Real Estate matters, and<br>Insurance coverage<br>Facilities available in Fresno<br>Visalia or Tulare w/no charge for travel<br>Resume on file |

| | |
|---|---|
| Lenden F Webb<br>P.O.Box 16387<br>Fresno CA 93755<br>(559) 431-4888<br>Fax (559) 570-0488<br>E-mail: LWebb@Webb4Law.com<br>Website: www.Webb4Law.com | $200.00 per hour (Special Mediation Rate)<br>Business, Employment and Real Estate<br>No Travel Fees. Discounts Available for Limited Matters. Resume on file |
| Linda Luke<br>632 West Oak Ave<br>Visalia CA 93291<br>(559) 7339505<br>Fax: (559) 733-3910<br>E-mail: ll-lb@pacbell.net<br>Website: www.mediatewithluke.com | $225.00 per hour<br>Charges for travel: $225 per hr. somewhat negotiable<br>Resume on file |
| G. Scott Benker, Esq., P.E.<br>Mediation/Arbitration<br>208 W Main Street, Suite 10<br>Visalia CA 93291<br>(559) 735-0708<br>E-mail: benker_mediation@sbcglobal.net<br>Website: www.benkerlaw.com | $250.00 per hour<br>Resume on file |
| Jube J Najarian<br>1690 West Shaw Avenue, Suite 201<br>Fresno, CA 93711-3516<br>(559) 4480400<br>Fax: (559) 448-0123<br>E-mail: jjn@jhnmlaw.com | $260.00 per hour<br>Resume on file |
| John T Nagel Esq. Mediation/Arbitration<br>Nagel & Nagel<br>1233 W Shaw Avenue #100<br>Fresno CA 93711<br>(559) 225-2510<br>jtnagel@pacbell.net | $225.00 per hr<br>No travel charge<br>Resume on file |
| Randall C Lyon<br>2101 West Tulare Ave Visalia CA 93277<br>1651 Benson Cambria, CA 93428<br>(559) 738-8556<br>Fax (559) 738-0518 | $200.00 per hour / 2 hour minimum<br>No travel charge<br>Resume on file |
| Laurie Quigley Saldana<br>Mediation Central<br>897 Oak Park Boulevard, Suite 270<br>Pismo Beach, CA 93449-2852<br>Email: laurie@mediationcentral.net | $300 per hour<br>No travel expense within the Central Valley or Central Coast<br>Resume on file |
| Val W. Saldana<br>897 Oak Park Boulevard, Suite 270<br>Pismo Beach, CA 93449-2852<br>Email: val@mediationcentral.net<br>Website: www.mediationcentral.net | $300 per hour<br>No travel expense within the Central Valley or Central Coast<br>Resume on file |
| Michael D, Worthing, Esq.<br>Worthing ADR<br>P.O. Box 13157<br>Bakersfield, CA 93389<br>(661) 858-7087<br>Email: mdworthing@worthingadr.com<br>Website: www.WorthingADR.com | $200 per hr<br>$800 for 1/2 day<br>$1500 for full day<br>No travel expense to any location in Kern or Tulare County; 1/2 hourly rate for any other county. Travel outside California to be negotiated. Resume on file. |

*0065674 .100S*

*answer 6/16/11*



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

SKD / ALL
**Transmittal Number: 8741779**
**Date Processed: 05/18/2011**

| Primary Contact: | Andrea Carolan<br>Macy's Retail Holdings Inc.<br>611 Olive Street<br>St. Louis, MO 63101-1799 |
|---|---|

| | |
|---|---|
| Entity: | Macy's, Inc.<br>Entity ID Number  2199064 |
| Entity Served: | Macy's Inc. |
| Title of Action: | Kendell Burnett vs. Macy's Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Tulare County Superior Court, California |
| Case/Reference No: | 11--242317 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/17/2011 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Peter Sean Bradley<br>559-221-2100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

✓ *ordered check*
*Create shell*

| **SUMMONS**<br>**(CITACION JUDICIAL)** | SUM-100 |
|---|---|
| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** Macy's Inc. and DOES 1 through
*(AVISO AL DEMANDADO):* 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Kendell Burnett
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* 11 - - 2 4 2 3 1 7 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter Sean Bradley #109258        559 221-2100      559 221-2101
Penner, Bradley & Simonian
1171 W Shaw Ave Ste 102
Fresno, CA 93711

| DATE: MAY 0 3 2011<br>*(Fecha)* | LaRayne Cleek Clerk, by<br>*(Secretario)* | Linnetta Ybarra | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Macy's Inc

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                   Page 1 of 1

[SEAL]
COURT SEAL

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

# Exhibit B

1    RYAN L. EDDINGS, Bar No. 256519
     LITTLER MENDELSON
2    A Professional Corporation
     5200 North Palm Avenue, Suite 302
3    Fresno, California 93704.2225
     Telephone:   559.244.7500
4    Facsimile.:   559.244.7525

5    Attorneys for Defendant
     MACY'S WEST STORES, INC., ERRONEOUSLY
6    SUED HEREIN AS MACY'S, INC.

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

JUN 16 2011

LARAYNE CLEEK, CLERK
BY· _____

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF TULARE

10   KENDELL BURNETT,                    | Case No.: 11-242317

11              Plaintiff,               | **DEFENDANT MACY'S WEST STORES,
                                         | INC.'S ANSWER AND AFFIRMATIVE**
12        v.                             | **DEFENSES TO PLAINTIFF'S
                                         | COMPLAINT**
13   MACY'S, INC.; and DOES 1 through 10,
     inclusive,                          | Complaint Filed:   May 3, 2011
14                                       | Trial Date:        To be determined

15              Defendants.

16

17

18              In   answer   to   Plaintiff   KENDELL   BURNETT'S   ("Plaintiff")   Complaint

19   ("Complaint"), Defendant MACY'S WEST STORES, INC. erroneously sued herein as MACY'S,

20   INC. ("Defendant"), subject to and without waiving its right to compel arbitration, admits, denies,

21   and alleges as follows:

22                                   **GENERAL DENIAL**

23              Pursuant to Code of Civil Procedure section 431.30, Defendant generally denies each

24   and every allegation of Plaintiff's Complaint, further denies that Plaintiff has been damaged in any

25   way whatsoever, and further specifically denies that Plaintiff sustained injury, damage, or loss by

26   reason of any conduct, action, error, or omission on the part of Defendant or any agent, employee, or

27   other person acting under Defendant's authority or control.  Defendant further denies that Plaintiff is

28   entitled to any legal or equitable relief in any amount or manner whatsoever from Defendant.  This

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559 244 7500

Defendant Macy's West Stores, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint

1   general denial to the Complaint is filed without prejudice to Defendant's right to file amended

2   answers, including affirmative defenses, and is filed without prejudice to or waiver of Defendant's

3   right to compel arbitration of Plaintiff's claims.

## AFFIRMATIVE DEFENSES

5         For further answer and separate affirmative defenses to Plaintiff's Complaint, and

6   each and every purported cause of action therein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Entire Action Subject to Binding Arbitration)

9         Plaintiff's Complaint and claims therein, and this action, are subject to binding

10  arbitration, pursuant to Plaintiff's agreement to arbitrate all disputes arising from or related to her

11  employment with Defendant, and this Court lacks jurisdiction to hear Plaintiff's claims.  Defendant

12  will move to compel Plaintiff to arbitration, and this action should be stayed during the arbitration.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

15        Plaintiff's Complaint fails to allege facts sufficient to constitute claims for relief

16  against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

19        Plaintiff's Complaint and claims are barred to the extent that Plaintiff failed to

20  exhaust the required administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

23        Defendant owes no obligation to Plaintiff with respect to the matters described in

24  Plaintiff's Complaint to the extent Plaintiff failed to mitigate, minimize, or otherwise avoid losses,

25  damages, or expenses.

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

2.

Defendant Macy's West Stores, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint and claims are barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's Complaint and claims are barred in whole or in part by estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Plaintiff was an at-will employee pursuant to California Labor Code section 2922, and thus, her employment could be terminated, and her compensation and job responsibilities modified, at-will.

## EIGHTH AFFIRMATIVE DEFENSE

### (Performance of Duties and Obligations)

Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant has been fully performed, satisfied, or discharged.

## NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Plaintiff's alleged damages or injuries, if any, were proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendant, including Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's Complaint and causes of action, and each of them, are barred in whole or in part by the doctrine of unclean hands.

/ / /

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559 244 7500

3.

Defendant Macy's West Stores, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to Take Advantage of Safeguards)

Defendant had, at all relevant times, an anti-discrimination policy and complaint procedure in place and Plaintiff failed to avail herself of the internal procedures for complaints of discrimination. Plaintiff's damages, if any, are reduced to the extent Plaintiff failed to take advantage of her employer's safeguards to avoid and eliminate alleged discrimination, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim – Punitive Damages)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant under Civil Code section 3294 and/or other applicable Code provisions and California law. Furthermore, Defendant did not commit oppressive, intentional, or malicious acts with respect to Plaintiff, did not engage in despicable conduct with respect to Plaintiff, nor did Defendant authorize or ratify any such acts.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Actions Justified)

Any conduct attributed to Defendant was justified, made in good faith, for legitimate, non-discriminatory and non-retaliatory business reasons, was protected by the managerial privilege, and/or was otherwise privileged.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Actions In Conformity with Laws)

At all times relevant, Defendant acted in good faith and has not violated any rights Plaintiff may have under federal, state, or local laws, rules, regulations, or guidelines.

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

4.

Defendant Macy's West Stores, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

To the extent Defendant obtains through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the Complaint and claims therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (No Causation)

The Complaint and claims therein cannot be maintained against Defendant because Plaintiff has failed to allege the requisite causal connection between any alleged protected activities and any alleged adverse employment action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Would Violate Defendant's Constitutional Rights)

Plaintiff is not entitled to recover any punitive damages because any award in this action would violate Defendant's rights to due process and/or equal protection under the United States and/or California Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Justification)

Plaintiff's Complaint and causes of action are barred in whole or in part by the doctrine of justification.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

The Complaint and each cause of action set forth therein cannot be maintained against Defendant as Plaintiff's claims are barred since any alleged accommodation which Plaintiff claims should have been offered was above and beyond what Defendant was reasonably able to provide and would have caused Defendant undue hardship.

/ / /

/ / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5 North Park Avenue
Suite 300
Fresno, CA 93704-2225
559 244 7500

5.

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Adverse Action Based on Factors Other Than Disability)

3       The Complaint and each cause of action set forth therein cannot be maintained

4 against Defendant because any adverse employment action suffered by Plaintiff was based upon

5 reasonable factors other than her alleged disability and/or pregnancy.

6

## TWENTY-FIRST AFFIRMATIVE DEFENSE

7

### (Offset)

8       The Complaint and each cause of action set forth therein cannot be maintained

9 against Defendant because any recovery to which Plaintiff might otherwise allegedly be entitled

10 must be offset by any disability or unemployment benefits and/or other monies and/or benefits

11 Plaintiff has received or will receive.

12

## TWENTY-SECOND AFFIRMATIVE DEFENSE

13

### (Statute of Limitations)

14       The Complaint and each cause of action set forth therein are barred, in whole or in

15 part, by the statute of limitations as set forth in California Code of Civil Procedure sections 337, 338,

16 339 and 340, together with California Government Code section 12960.

17

## TWENTY-THIRD AFFIRMATIVE DEFENSE

18

### (Workers' Compensation Exclusivity)

19       The Complaint and each cause of action set forth therein seeking damages for

20 emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the

21 California Workers' Compensation Act, California Labor Code section 3600, *et seq*., and California

22 Labor Code section 132a, in that: (1) the injuries complained of occurred when both Plaintiff and

23 Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged

24 injuries, Plaintiff was performing services incidental to his employment and was acting within the

25 course and scope of his employment; and (3) Plaintiff alleges that the injuries were caused by his

26 employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

27 / / /

28 / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

6.

1

## RESERVATION OF RIGHTS

2   Because Plaintiff's Complaint is couched in conclusory terms and discovery has not
3   yet begun, Defendant cannot fully anticipate all defenses that may be applicable to this action.
4   Accordingly, Defendant's right to assert additional defenses, if and to the extent that such defenses
5   are applicable, is hereby reserved.

6

## PRAYER

7   WHEREFORE, having generally denied Plaintiff's Complaint and having alleged
8   affirmative defenses, Defendant prays:

9   1.   That this action be referred in its entirety to binding arbitration and stayed;

10   2.   That Plaintiff take nothing by her Complaint;

11   3.   For judgment in Defendant's favor and dismissal of all of Plaintiff's claims;

12   4.   To recover its costs and attorneys' fees incurred in this action; and

13   5.   For such other and further relief as the Court may deem proper.

14   Dated: June 16, 2011

15

16   RYAN L. EDDINGS
17   LITTLER MENDELSON
     A Professional Corporation
     Attorneys for Defendant
18   MACY'S WEST STORES, INC.
     ERRONEOUSLY SUED HEREIN AS
19   MACY'S, INC.

20   Firmwide:102262149.1 065674.1005

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

7.

Defendant Macy's West Stores, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint

1

## PROOF OF SERVICE

2

3    I am a resident of the State of California, over the age of eighteen years, and not a

4    party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,

5    California 93704.2225. On June 16, 2011, I served the within document(s):

6    **DEFENDANT MACY'S WEST STORES, INC.'S ANSWER AND**
     **AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

7

8    ☐    by facsimile transmission at or about _____ on that date. This document
          was transmitted by using a facsimile machine that complies with California Rules
9         of Court Rule 2003(3), telephone number 559.244.7525. The transmission was
          reported as complete and without error. A copy of the transmission report, properly
10        issued by the transmitting machine, is attached. The names and facsimile numbers
          of the person(s) served are as set forth below.

11

12   ☒    by placing a true copy of the document(s) listed above for collection and mailing
          following the firm's ordinary business practice in a sealed envelope with postage
13        thereon fully prepaid for deposit in the United States mail at Fresno, California
          addressed as set forth below.

14

15   ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
          fees provided for, in an overnight delivery service pick up box or office designated
          for overnight delivery, and addressed as set forth below.

16

17   ☐    by personally delivering a copy of the document(s) listed above to the person(s) at
          the address(es) set forth below.

18   ☐    Based on a court order or an agreement of the parties to accept service by e-mail or
          electronic transmission, I caused the documents to be sent to the persons at the e-
19        mail addresses on the attached service list on the dates and at the times stated
          thereon. I did not receive, within a reasonable time after the transmission, any
20        electronic message or other indication that the transmission was unsuccessful. The
          electronic notification address of the person making the service is
21        _____@littler.com.

22   Peter Sean Bradley, Esq.
     Penner, Bradley & Simonian
23   1171 W. Shaw Avenue, Suite 102
     Fresno, CA 93711
24   Fax: 559-221-2101

25

26   I am readily familiar with the firm's practice of collection and processing

27   correspondence for mailing and for shipping via overnight delivery service. Under that practice it

28   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

1  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

2  thereon fully prepaid in the ordinary course of business.

3        I declare under penalty of perjury under the laws of the State of California that the

4  above is true and correct. Executed on June 16, 2011, at Fresno, California.

5

6                          _____

7                                Chandra M. Dolliver

8  Firmwide:102111536.1 065674.1005

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

2.

PROOF OF SERVICE

# Exhibit C

1   PETER SEAN BRADLEY, ESQ., #109258
    PENNER, BRADLEY & SIMONIAN
2   1171 West Shaw Avenue, Suite 102
    Fresno, California 93711
3   Telephone: (559) 221-2100
    Facsimile:  (559) 221-2101
4
    Attorney for Plaintiff
5   Kendell Burnett

6

7

8                     SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF TULARE

10  KENDELL BURNETT,                    )      CASE NO. 11-242317
                                        )
11           Plaintiff                  )
                                        )
12                                      )
    v.                                  )      RESPONSE TO REQUEST FOR
13                                      )      STATEMENT OF DAMAGES
    MACY'S, INC. and DOES 1 through  10,)
14  inclusive                          )
                                        )
15           Defendants.                )
                                        )
16  _____)

17  TO DEFENDANT AND TO ITS ATTORNEY OF RECORD:

18          Pursuant to Code of Civl Procedure section 425.11, plaintiff hereby provides her statement

19  of damages as follows:

20          1.      Medical special            Unknown at the present time

21          2.      Wage and/or loss of income Unknown at the present time

22          3.      General damages            In excess of $1,000,000

23  Dated: July 27, 2011                       Penner, Bradley & Simonian

24

25
                                           By _____
26                                               Peter Sean Bradley
                                                 Attorneys for Plaintiff
27

28

                                     BURNETT v MACY'S
                                     CASE NO.

1

**PROOF OF SERVICE**

2        I declare that I am a citizen of the United States of America and a resident of the County of
Fresno, California. I am over the age of 18 years and not a party to this action; my business address
3   is 1171 West Shaw Avenue, Suite 102, Fresno, California 93711.

4        On July 27, 2011 I caused to be served the attached RESPONSE TO REQUEST FOR
STATEMENT OF DAMAGES  on each of the interested parties in said cause as indicated below:

5

6   (      )      **(BY E-MAIL)** by electronic service procedures, on all parties not served by mail:

7   (      )      **(BY PERSONAL SERVICE)** I caused a copy of said pleadings to be hand-delivered
              to the interested parties at:

8   (      )      **(BY FACSIMILE)** I caused a copy of said pleadings to be sent via facsimile
              transmission to the interested parties at:

9

10  (      )      **(BY OVERNIGHT MAIL)** I caused a copy of said pleadings to be sent via
              overnight mail to the parties listed below:

11  ( xx )      **(BY REGULAR MAIL)** I caused a copy of said pleadings to be placed in a United
              States mail depository. I am readily familiar with my office's practice of collection
12             and processing correspondence for mailing. It is deposited with the U.S. Postal
              Service on the same day in the ordinary course of business. I am aware that on
13             motion of party served, service is presumed invalid if postal cancellation date or
              postage meter date is more than one day after the date of deposit for mailing.

14

15                     RYAN L. EDDINGS, ESQ.
                     LITTLER MENDELSON
16                    5200 N PALM AVE STE 302
                     FRESNO CA 93704
17                        244-7525

18

19        I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.

20        I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct and that this declaration was executed on July 27, 2011 in Fresno, California.

21

22  _____

23  CARRIE AVEDISIAN

24

25

26

27

28

# Exhibit D

1 | RYAN L. EDDINGS, Bar No. 256519
LITTLER MENDELSON
2 | A Professional Corporation
5200 North Palm Avenue, Suite 302
3 | Fresno, California 93704.2225
Telephone:    559.244.7500
4 | Facsimile.:    559.244.7525

5 | Attorneys for Defendant
MACY'S WEST STORES, INC., ERRONEOUSLY
6 | SUED HEREIN AS MACY'S, INC.

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF TULARE

| | |
|---|---|
| 10 KENDELL BURNETT, | Case No.: 11-242317 |
| 11      Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| 12      v. | |
| 13 MACY'S, INC.; and DOES 1 through 10, inclusive, | Complaint Filed:   May 3, 2011 |
| 14 | Trial Date:           To be determined |
| 15      Defendants. | |

16

17 | TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

18 |           PLEASE TAKE NOTICE THAT on August 1, 2011, Defendant MACY'S WEST

19 | STORES, INC., erroneously sued herein as MACY'S, INC. ("Defendant") filed a Notice of

20 | Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 removing the above-captioned action from

21 | the Tulare County Superior Court to the United States District Court for the Eastern District of

22 | California, Fresno Division, Case No. _____.

23 |           A true and correct copy of Defendant's Notice of Removal, without exhibits, is

24 | attached hereto as Exhibit 1.

25 | / / /

26 | / / /

27 | / / /

28 | / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559 244 7500

1

2   Dated: August 1, 2011

3

4                                    RYAN L. EDDINGS
                                     LITTLER MENDELSON
5                                    A Professional Corporation
                                     Attorneys for Defendant
6                                    MACY'S WEST STORES, INC.
                                     ERRONEOUSLY SUED HEREIN AS
7                                    MACY'S, INC.

8   Firmwide:103047543.1 065674.1005

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559 244 7500

2.

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# Exhibit 1

1  RYAN L. EDDINGS, Bar No. 256519
   LITTLER MENDELSON
2  A Professional Corporation
   5200 North Palm Avenue
3  Suite 302
   Fresno, CA 93704.2225
4  Telephone:   559.244.7500
   Facsimile:   559.244.7525
5
   Attorneys for Defendant
6  MACY'S WEST STORES, INC., ERRONEOUSLY
   SUED HEREIN AS MACY'S, INC.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10 | KENDELL BURNETT,                          | Case No.

11 |          Plaintiff,                        | (TULARE COUNTY SUPERIOR COURT
   |                                            | CASE NO. 11-242317)
12 |     v.                                     |
   |                                            | **DEFENDANT'S NOTICE OF REMOVAL**
13 | MACY'S, INC.; and DOES 1 through 10,       | **OF CIVIL ACTION TO THE UNITED**
   | inclusive,                                 | **STATES DISTRICT COURT FOR THE**
14 |                                            | **EASTERN DISTRICT OF CALIFORNIA**
15 |          Defendants.                       | Complaint Filed:   May 3, 2011
   |                                            | Trial Date:        None Set
16

17         TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

18 OF CALIFORNIA AND PLAINTIFF'S COUNSEL OF RECORD:

19         PLEASE TAKE NOTICE that Defendant MACY'S WEST STORES, INC.

20 erroneously sued herein as MACY'S, INC. ("Defendant"), subject to and without waiving its right to

21 compel arbitration, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1332, 1441,

22 and 1446, on the following grounds:

23         **Statement of Jurisdiction**

24         1.    Defendant is an Ohio corporation with its principal place of business in

25 Cincinnati, Ohio.  Plaintiff KENDELL BURNETT ("Plaintiff") is a citizen of California.  Removal

26 jurisdiction exists because this Court has original jurisdiction over Plaintiff's pursuant to 28 U.S.C. §

27 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in

28 which neither Plaintiff nor Defendant are citizens of the same state and in which the amount in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

controversy exceeds $75,000, exclusive of interest and costs.  As set forth herein, this case meets all of the above requirements for removal and is timely and properly removed by the filing of this Notice.

### State Court Action

2.      Plaintiff filed this action against Defendant in Tulare County Superior Court, Case No. 11-242317. True and correct copies of the Civil Case Cover Sheet, Summons, and Complaint that were served on Defendant on May 17, 2011 are collectively attached hereto as **Exhibit A.**  On June 16, 2011, Defendant filed and served an Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.  No other process, pleadings, or orders have been served or filed in this action.

### Diversity of Citizenship

3.      Plaintiff's Complaint alleges that Plaintiff is a resident of Tulare County, California. Defendant is the sole named Defendant in this action.  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is deemed to be a citizen of the state in which it is incorporated and the state where its principal place of business is located.  Defendant is incorporated under the laws of the State of Ohio, and Defendant's principal place of business is located in Cincinnati, Ohio. Accordingly, there is complete diversity among the parties.

### Amount in Controversy

4.      The amount in controversy exceeds $75,000 in accordance with 28 U.S.C. § 1332(a)(1).  In her Complaint, Plaintiff did not allege the total amount of damages sought, alleging only that this was an unlimited civil case where the damages sought exceeded $25,000. Subsequently, Defendant requested a Statement of Damages from Plaintiff pursuant to California Code of Civil Procedure § 425.11(b).  Plaintiff's Statement of Damages, served on Defendant on July 28, 2011, shows that Plaintiff is seeking actual damages "in excess of $1,000,000."  A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit C**.

### Venue

5.      Pursuant to 28 U.S.C. § 1441 and Eastern District Local Rule 120(d), venue is proper in this Eastern District of California and the Fresno Division because the Tulare County

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1   Superior Court is located within the federal Eastern District of California and this is the "district and
2   division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3   **Diversity Jurisdiction**

4   6.   This action is one under which the Court has original jurisdiction pursuant to
5   28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a
6   civil action in which neither Plaintiff nor Defendant are citizens of the same state and in which the
7   amount in controversy exceeds $75,000, exclusive of interest and costs.

8   **Timeliness of Notice of Removal**

9   7.   Defendant first determined that this case was removable on July 28, 2011
10  when Defendant received Plaintiff's Statement of Damages.  This Notice of Removal is being filed
11  within thirty days of receipt of Plaintiff's Statement of Damages.  Therefore, Defendant's Notice of
12  Removal is timely under 28 U.S.C. § 1446(b).

13  **Notice to the Tulare County Superior Court**

14  8.   As required by 28 U.S.C. §1446(d), Defendant provided written notice of the
15  filing of this Notice of Removal to Peter Sean Bradley, counsel of record for Plaintiff. A true and
16  correct copy of the Notice to Averse Party of Removal of Civil Action to Federal Court is attached
17  hereto as **Exhibit D.**

18  **Notice to Plaintiff**

19  9.   As required by 28 U.S.C. §1446(d), Defendant provided noticed to the Tulare
20  County Superior Court of the removal of this action.  A true and correct copy of the Notice to State
21  Court of Removal of Civil Action to Federal Court is attached hereto as **Exhibit E.**

22  WHEREFORE, Defendant Macy's West Stores, Inc. erroneously sued herein as
23  Macy's Inc. respectfully requests that this Court exercise jurisdiction over the above-captioned action
24  and issue such further orders and processes as may be necessary herein.

25  / / /
26  / / /
27  / / /
28  / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 300
Fresno, CA 93704 2225
559 244 7500

3.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Dated: August 1, 2011

RYAN L. EDDINGS
LITTLER MENDELSON
A Professional Corporation

Attorney for Defendant
MACY'S WEST STORES, INC.
ERRONEOUSLY SUED HEREIN AS
MACY'S, INC.

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

4.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On August 1, 2011, I served the within document(s):

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 559.244.7525. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Peter Sean Bradley, Esq.
Penner, Bradley & Simonian
1171 W. Shaw Avenue, Suite 102
Fresno, CA 93711
Fax: 559-221-2101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

PROOF OF SERVICE

1   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

2   thereon fully prepaid in the ordinary course of business.

3        I declare under penalty of perjury under the laws of the State of California that the

4   above is true and correct. Executed on August 1, 2011, at Fresno, California.

5

6                    _____

7                       Chandra M. Dolliver

8   Firmwide:102111536.1 065674.1005

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

2.

PROOF OF SERVICE

# Exhibit E

1   RYAN L. EDDINGS, Bar No. 256519
    LITTLER MENDELSON
2   A Professional Corporation
    5200 North Palm Avenue, Suite 302
3   Fresno, California 93704.2225
    Telephone:    559.244.7500
4   Facsimile.:    559.244.7525

5   Attorneys for Defendant
    MACY'S WEST STORES, INC., ERRONEOUSLY
6   SUED HEREIN AS MACY'S, INC.

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF TULARE

10  | KENDELL BURNETT,                        | Case No.: 11-242317 |

11          Plaintiff,                          **NOTICE TO STATE COURT OF
                                                REMOVAL OF CIVIL ACTION TO
12          v.                                  FEDERAL COURT**

13  MACY'S, INC.; and DOES 1 through 10,       Complaint Filed:   May 3, 2011
    inclusive,                                 Trial Date:        To be determined
14

15          Defendants.

16

17  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18          PLEASE TAKE NOTICE that on August 1, 2011, the above-captioned matter was

19  removed from the Superior Court of the State of California, County of Tulare, where it was

20  previously pending, to the United States District Court for the Eastern District of California,

21  pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of the Notice of Removal filed by

22  Defendant OfficeMax Incorporated is attached as Exhibit 1.

23          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the

24  filing of a Notice of Removal in the United States District Court, together with the filing of a copy of

25  a Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this

26  Court may proceed no further unless and until the case is remanded.

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1

Dated: August 1, 2011

2

3

4

RYAN L. EDDINGS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MACY'S WEST STORES, INC.
ERRONEOUSLY SUED HEREIN AS
MACY'S, INC.

5

6

7

Firmwide:103047546.1 065674.1005

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

2.

# Exhibit 1

1  RYAN L. EDDINGS, Bar No. 256519
   LITTLER MENDELSON
2  A Professional Corporation
   5200 North Palm Avenue
3  Suite 302
   Fresno, CA 93704.2225
4  Telephone:    559.244.7500
   Facsimile:    559.244.7525
5
   Attorneys for Defendant
6  MACY'S WEST STORES, INC., ERRONEOUSLY
   SUED HEREIN AS MACY'S, INC.
7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10  KENDELL BURNETT,                          Case No.

11                  Plaintiff,                (TULARE COUNTY SUPERIOR COURT
                                              CASE NO. 11-242317)
12          v.
                                              **DEFENDANT'S NOTICE OF REMOVAL**
13  MACY'S, INC.; and DOES 1 through 10,      **OF CIVIL ACTION TO THE UNITED**
    inclusive,                                **STATES DISTRICT COURT FOR THE**
14                                            **EASTERN DISTRICT OF CALIFORNIA**

15                  Defendants.               Complaint Filed:   May 3, 2011
                                              Trial Date:        None Set
16

17          TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

18  OF CALIFORNIA AND PLAINTIFF'S COUNSEL OF RECORD:

19          PLEASE TAKE NOTICE that Defendant MACY'S WEST STORES, INC.

20  erroneously sued herein as MACY'S, INC. ("Defendant"), subject to and without waiving its right to

21  compel arbitration, hereby removes the above-entitled action pursuant to 28 U.S.C. §§ 1332, 1441,

22  and 1446, on the following grounds:

23          **Statement of Jurisdiction**

24          1.      Defendant is an Ohio corporation with its principal place of business in

25  Cincinnati, Ohio.  Plaintiff KENDELL BURNETT ("Plaintiff") is a citizen of California.  Removal

26  jurisdiction exists because this Court has original jurisdiction over Plaintiff's pursuant to 28 U.S.C. §

27  1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in

28  which neither Plaintiff nor Defendant are citizens of the same state and in which the amount in

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1   controversy exceeds $75,000, exclusive of interest and costs.  As set forth herein, this case meets all

2   of the above requirements for removal and is timely and properly removed by the filing of this

3   Notice.

4       **State Court Action**

5       2.      Plaintiff filed this action against Defendant in Tulare County Superior Court,

6   Case No. 11-242317. True and correct copies of the Civil Case Cover Sheet, Summons, and

7   Complaint that were served on Defendant on May 17, 2011 are collectively attached hereto as

8   **Exhibit A.**  On June 16, 2011, Defendant filed and served an Answer to Plaintiff's Complaint.  A

9   true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.  No other process,

10  pleadings, or orders have been served or filed in this action.

11      **Diversity of Citizenship**

12      3.      Plaintiff's Complaint alleges that Plaintiff is a resident of Tulare County,

13  California. Defendant is the sole named Defendant in this action.   Pursuant to 28 U.S.C. §

14  1332(c)(1), Defendant is deemed to be a citizen of the state in which it is incorporated and the state

15  where its principal place of business is located.  Defendant is incorporated under the laws of the

16  State of Ohio, and Defendant's principal place of business is located in Cincinnati, Ohio.

17  Accordingly, there is complete diversity among the parties.

18      **Amount in Controversy**

19      4.      The amount in controversy exceeds $75,000 in accordance with 28 U.S.C. §

20  1332(a)(1).  In her Complaint, Plaintiff did not allege the total amount of damages sought, alleging

21  only that this was an unlimited civil case where the damages sought exceeded $25,000.

22  Subsequently, Defendant requested a Statement of Damages from Plaintiff pursuant to California

23  Code of Civil Procedure § 425.11(b).  Plaintiff's Statement of Damages, served on Defendant on

24  July 28, 2011, shows that Plaintiff is seeking actual damages "in excess of $1,000,000."  A true and

25  correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit C**.

26      **Venue**

27      5.      Pursuant to 28 U.S.C. § 1441 and Eastern District Local Rule 120(d), venue is

28  proper in this Eastern District of California and the Fresno Division because the Tulare County

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559 244 7500

2.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1   Superior Court is located within the federal Eastern District of California and this is the "district and

2   division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3   **Diversity Jurisdiction**

4   6.   This action is one under which the Court has original jurisdiction pursuant to

5   28 U.S.C. § 1332 and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a

6   civil action in which neither Plaintiff nor Defendant are citizens of the same state and in which the

7   amount in controversy exceeds $75,000, exclusive of interest and costs.

8   **Timeliness of Notice of Removal**

9   7.   Defendant first determined that this case was removable on July 28, 2011

10   when Defendant received Plaintiff's Statement of Damages.  This Notice of Removal is being filed

11   within thirty days of receipt of Plaintiff's Statement of Damages.  Therefore, Defendant's Notice of

12   Removal is timely under 28 U.S.C. § 1446(b).

13   **Notice to the Tulare County Superior Court**

14   8.   As required by 28 U.S.C. §1446(d), Defendant provided written notice of the

15   filing of this Notice of Removal to Peter Sean Bradley, counsel of record for Plaintiff. A true and

16   correct copy of the Notice to Averse Party of Removal of Civil Action to Federal Court is attached

17   hereto as **Exhibit D.**

18   **Notice to Plaintiff**

19   9.   As required by 28 U.S.C. §1446(d), Defendant provided noticed to the Tulare

20   County Superior Court of the removal of this action.  A true and correct copy of the Notice to State

21   Court of Removal of Civil Action to Federal Court is attached hereto as **Exhibit E.**

22   WHEREFORE, Defendant Macy's West Stores, Inc. erroneously sued herein as

23   Macy's Inc. respectfully requests that this Court exercise jurisdiction over the above-captioned action

24   and issue such further orders and processes as may be necessary herein.

25   / / /

26   / / /

27   / / /

28   / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559 244 7500

3.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Dated: August 1, 2011

RYAN L. EDDINGS
LITTLER MENDELSON
A Professional Corporation

Attorney for Defendant
MACY'S WEST STORES, INC.
ERRONEOUSLY SUED HEREIN AS
MACY'S, INC.

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

4.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On August 1, 2011, I served the within document(s):

**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐   by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 559.244.7525. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐   by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____ @littler.com.

Peter Sean Bradley, Esq.
Penner, Bradley & Simonian
1171 W. Shaw Avenue, Suite 102
Fresno, CA 93711
Fax: 559-221-2101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

1   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

2   thereon fully prepaid in the ordinary course of business.

3          I declare under penalty of perjury under the laws of the State of California that the

4   above is true and correct. Executed on August 1, 2011, at Fresno, California.

5

6   _____

7                    Chandra M. Dolliver

8   Firmwide:102111536.1 065674.1005

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

2.

PROOF OF SERVICE

1

## PROOF OF SERVICE

2    I am a resident of the State of California, over the age of eighteen years, and not a party to

3    the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California,

4    93704-2225. On August 1, 2011, I served the within document(s):

5    **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

6    ☐    by facsimile transmission at or about _____ on that date. This document
7         was transmitted by using a facsimile machine that complies with California Rules
         of Court Rule 2003(3), telephone number 916.561.0828. The transmission was
8         reported as complete and without error. A copy of the transmission report, properly
         issued by the transmitting machine, is attached. The names and facsimile numbers
9         of the person(s) served are as set forth below.

10   ☒    by placing a true copy of the document(s) listed above for collection and mailing
11        following the firm's ordinary business practice in a sealed envelope with postage
         thereon fully prepaid for deposit in the United States mail at Fresno, California
12        addressed as set forth below.

13   ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
14        fees provided for, in an overnight delivery service pick up box or office designated
         for overnight delivery, and addressed as set forth below.

15   ☐    by personally delivering a copy of the document(s) listed above to the person(s) at
16        the address(es) set forth below.

17   Peter Sean Bradley, Esq.
     Penner, Bradley & Simonian
18   1171 West Shaw Avenue, Suite 102
     Fresno, California 93711

19

20   I am readily familiar with the firm's practice of collection and processing correspondence for

21   mailing and for shipping via overnight delivery service.  Under that practice it would be deposited

22   with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight

23   delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in

24   the ordinary course of business.

25   I declare under penalty of perjury under the laws of the State of California that the above is

26   true and correct. Executed on August 1, 2011, at Fresno, California.

27                                                 _Chandra Dolliver_ (signature)
                                                   Chandra Dolliver

28   Firmwide:103046971.1 065674.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

PROOF OF SERVICE